**O**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| CURTIS RICHARDSON, | ) | CASE NO. CV 09-06314 RZ |
| Plaintiff, | ) | |
| | ) | MEMORANDUM OPINION |
| vs. | ) | AND ORDER |
| | ) | |
| MICHAEL J. ASTRUE, Commissioner | ) | |
| of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

Petitioner Curtis Richardson asserts that the Administrative Law Judge got it wrong when he found that Plaintiff could return to his past relevant work as a painter's helper. He says that the Commissioner wrongly ignored a statement in the report of one of the consultants, and that the vocational expert compounded this error by relying on the consultant's report, and hence his opinion too was flawed. Plaintiff also argues that the Administrative Law Judge wrongly made credibility assessments.

The Court disagrees.

The Consultant, psychiatrist Jason H. Yang, actually gave quite a favorable report of his examination of Plaintiff. He rated Plaintiff as having a General Assessment of Functioning score of 66, which means, among other things, that Plaintiff was functioning pretty well. AMERICAN PSYCHIATRIC ASSOCIATION, DIAGNOSTIC AND STATISTICAL MANUAL OF MENTAL DISORDERS (DSM-IV) at 32(4th ed. 1994). He found

that Plaintiff had no evidence of cognitive deficits, perceptual disturbances or delusional disorders; that Plaintiff could focus adequately; that Plaintiff can tolerate the stress inherent in the work environment; that he could maintain attendance and work without supervision; and the consultant imagined that Plaintiff would be able to interact appropriately with supervisors, coworkers, and the public in the workplace. [AR 178]

Despite this favorable report, Plaintiff extracts two sentences that he finds problematic:

He is able to follow one and two part instructions.  He can adequately remember and complete simple tasks.

[*Id*.]   In his memorandum to this Court, Plaintiff takes this statement, transforms it to a finding that Plaintiff can *only* follow one and two part instructions, asserts that a painter/painter's helper requires a higher reasoning level, and therefore concludes that the Administrative Law Judge erred in not considering the opinion of Dr. Yang.

The Court does not accept Plaintiff's argument.  To state that Plaintiff can follow one and two part instructions is not to state that Plaintiff can do no more.  Nor is it appropriate to extract these two sentences from the overall context of the evaluation, which is overwhelmingly positive.  And that positive evaluation is consistent with the evaluation of the state agency consultant and the medical expert, both of whom the Administrative Law Judge referenced, in addition to his citation of Dr. Yang's report for its diagnosis and GAF.  [AR 12]  The Court finds no error here and, correspondingly, no error in the determination by the vocational expert.

The Court also finds no error in the Administrative Law Judge's credibility determinations.  When a mental impairment is involved, the statements of the claimant necessarily must be evaluated against the medical assessments; these are not pain symptoms deriving from physical injuries.  Here, the Administrative Law Judge relied on the medical evidence, noting that no physician had suggested a more stringent residual

functional capacity; reliance on the medical evidence is justified. *Cf. Rollins v. Massanari*, 261 F. 3d 853, 857 (9th Cir. 2001). In addition, the Administrative Law Judge noted the conservative nature of the treatment, another factor he was entitled to consider. Ordinary techniques of assessing credibility are sufficient in this context. *Johnson v. Shalala*, 60 F.3d 1428, 1433 (9th Cir. 1995).

Plaintiff also complains that the Administrative Law Judge did not consider his mother's written statement. That statement, however, added nothing. It gave no important detail that Plaintiff himself had not testified to and, for the most part, consisted of very brief, unelaborated responses to a questionnaire. [AR 106-13] Accepting the statements as true adds virtually nothing to what already was in the record, and therefore consideration of the evidence would not appreciably have changed the result. *Stout v. Commissioner*, 454 F.3d 1050 (9th Cir. 2006).

In accordance with the foregoing, the decision of the Commissioner is affirmed.

DATED:  July 12, 2010

_____
RALPH ZAREFSKY
UNITED STATES MAGISTRATE JUDGE